IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHIPBLASTER, INC., and                )    THIS DOCUMENT IS BEING
GREGORY S. ANTOUN,                    )
                                       )    ELECTRONICALLY FILED
        Plaintiffs,                    )
                                       )
    v.                                 )    Civil Action No. 04-250 (Erie)
                                       )
MIKE KENNEY TOOL, INC.,               )    (Judge McLaughlin)
d/b/a COOLJET SYSTEMS,                )
                                       )    **REPLY TO PLAINTIFFS'**
        Defendant.                     )    **MEMORANDUM IN OPPOSITION**
                                       )    **TO DEFENDANT'S MOTION FOR**
                                       )    **RECONSIDERATION OR, IN THE**
_____)    **ALTERNATIVE, CLARIFICATION**
                                            **OF THE COURT'S JUNE 29, 2005**
                                            **ORDER DENYING DEFENDANT'S**
                                            **MOTION FOR PARTIAL**
                                            **SUMMARY JUDGMENT**

## I.    INTRODUCTION

Defendant's ("CoolJet") Motion for Reconsideration or Clarification is limited to a very specific and narrow issue. The issue is whether Plaintiffs have met their burden by introducing sufficient evidence to raise a genuine issue of material fact as to whether CoolJet's variable flow coolant delivery systems determine the speed of the pump motor based on <u>both</u> coolant pressure <u>and</u> the flow area of the tool orifice. CoolJet maintains that the Court erred by not considering this key limitation of the claim when denying CoolJet's motion for summary judgment of non-infringement.

In opposition to CoolJet's motion, Plaintiffs utterly fail to address the issue raised in CoolJet's motion for reconsideration or clarification. Instead, Plaintiffs attempt to obfuscate the issue by inundating this Court with extraneous arguments relating to an entirely separate and different claim limitation altogether. Indeed, Plaintiffs' entire opposition is nothing more than a feeble attempt to show that an issue of fact exists as to whether data related to the flow area of the orifice is programmed into CoolJet's variable frequency drive. As such, even assuming

*arguendo* that Plaintiffs' arguments are meritorious, they are wholly irrelevant and have no bearing on CoolJet's motion for reconsideration or clarification. As the undisputed record shows, the accused products determine the speed of the pump motor based on coolant pressure alone, and therefore, CoolJet's motion for reconsideration should be granted by finding as a matter of law that the accused products do not infringe the asserted patent, either literally or under the doctrine of equivalents.

In addition, in the event that the Court denies CoolJet's motion for reconsideration, it would be proper for the Court to clarify its June 30, 2005 Order by providing claim construction for the following language:

> "[A] computer determines the speed of the pump motor based on coolant pressure and the flow area of the orifice means of the tool."

Federal Circuit law provides that it is the role of the Court to properly construe claims and Plaintiffs offer no sound reason why this Court should be precluded from doing so in this case. While CoolJet continues to believe that this claim limitation is clear and unambiguous on its face, in light of Plaintiffs' infringement arguments regarding this claim limitation, a proper construction of the claim limitation is necessary. CoolJet is entitled to know the metes and bounds of the asserted patent in order to fairly defend this lawsuit.

## II.   THE ISSUE PRESENTED IN DEFENDANT'S MOTION FOR RECONSIDERATION IS ONE OF LAW, DESPITE PLAINTIFFS' ATTEMPT TO OBFUSCATE THE ISSUE WITH EXTRANEOUS FACTUAL ARGUMENTS

To properly address the issue raised in CoolJet's motion for reconsideration, the Court must undertake a two-step analysis. First, the Court must interpret the claim limitation to a computer that determines the speed of the pump motor based on coolant pressure and the flow area of the tool orifice. Next, the Court must examine the record to determine whether Plaintiffs have proffered sufficient evidence to raise a genuine issue of material fact as to whether CoolJet's variable flow coolant delivery system determines the speed of the pump in the manner

prescribed by the properly construed claim.  *See Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 977 (Fed. Cir. 1995) (*en banc*), *aff'd*, 516 U.S. 1007 (1996).

CoolJet has always believed that the claim language is clear and unambiguous.  It requires a computer that determines the speed of the pump motor based on the coolant pressure in the system and the flow area of the orifice for the tool in use.  This construction is consistent with the plain and ordinary meaning of the claim language.  Moreover, it is supported by the patent specification.  The patent specification describes a computer that is programmed with information that includes the number of orifices in the tool and the flow area of these orifices.  This information is used with the pressure signal from the pressure transducer to compute the desired speed of the pump motor.  (US Patent No. 5,951,216, Defendant's Request for Judicial Notice, Exh. A, col. 3, lines 43-50, filed February 24, 2005).

Plaintiffs have always taken the position that the claim is much broader.  According to Plaintiffs, the claim does not mean what is says.  Instead, the claim only requires that the computer determine the speed of the pump motor based on coolant pressure alone, provided the coolant pressure is sensitive to changes in the orifice size of the tool.  Plaintiffs offer no explanation for this tortured interpretation of the claim language, nor do they provide any support for this interpretation in the patent specification.  They simply assert this construction in an attempt to judicially redraft the claim language to cover CoolJet's variable flow coolant delivery system.

In any event, once the Court construes this language, it will be in a position to determine whether CoolJet's variable flow coolant delivery system satisfies this claim limitation.  The evidence before the Court as to how the speed of the motor pump is determined is undisputed.  According to Plaintiffs expert, a signal from the pressure transducer, which is sensitive to changes in the orifice size of the tool, is used to control the speed of the pump motor.  (Declaration of William Adelman ("Adelman Decl."), ¶14).  CoolJet does not dispute this.  Thus, under a proper claim construction, CoolJet's variable flow coolant delivery system does not meet this limitation because the signal from the pressure transducer is used alone to determine the

speed of the pump motor.  As such, this Court should grant CoolJet's motion for reconsideration by holding as a matter of law that the accused products do not infringe the asserted patent, either literally or under the doctrine of equivalents.

Plaintiffs, recognizing the tenuous nature of their proposed claim construction position, has chosen to focus on extraneous factual arguments in their opposition in hopes of diverting the Court's attention away from the real issue raised by CoolJet in its motion for reconsideration. Plaintiffs go on for nearly twenty-five pages explaining in excruciating detail why there exists a genuine issue of material fact as to whether CoolJet programs it variable frequency drive with data related to the flow area of the orifice.  Although CoolJet does not agree with Planitiffs on this point, CoolJet is not asking the Court to reconsider its finding with respect to this claim limitation.  CoolJet's motion is limited to the narrow issue of how the speed of the pump motor is determined in CoolJet's variable flow coolant delivery systems.

Buried at the end of its opposition, in a single paragraph, is a rather disingenuous attempt by Plaintiffs to fill the gaping hole that exists in their case.  No longer relying on the expert declaration of Mr. Adelman to raise an issue of fact with respect to determining motor speed, Plaintiffs now argue for the first time that the data related to the flow area of the orifice allegedly programmed into CoolJet's variable frequency drive is used to help determine the speed of the pump motor along with the signal from the transducer.  This type of backpedaling clearly demonstrates a recognition by Plaintiffs that the record before the Court is insufficient as a matter of law to defeat CoolJet's summary judgment motion.  Moreover, this assertion is not evidence.  It is mere attorney argument with no probative value whatsoever.

Even assuming, *arguendo*, that the data programmed into CoolJet's variable frequency drive is used to determine the speed of the pump motor, it would still not satisfy the claim limitation to determining the motor speed.  In its June 30, 2005 Order, the Court held that a genuine issue of material fact exists as to whether the accused products were programmed with data related to the flow area of the orifice based on the declaration of Mr. Adelman.  According to Mr. Adelman, the <u>range</u> of orifice sizes in which pressure can be maintained must be

programmed into the computer that controls the variable frequency drive in order for the accused products to function properly. (Adelman Decl., ¶¶ 9, 10). Plaintiffs took the position that the <u>range</u> of orifice sizes in which a constant pressure could be maintained constitutes data <u>related</u> to the actual orifice size of the tool in use.[1] (Motion for Reconsideration, Exh. A, Transcript p. 28:5-25)[2] However, the claim requires that the speed of the pump motor be determined based on coolant pressure and the <u>flow area of the orifice</u>, not data <u>related</u> to the flow area of the orifice. Thus, CoolJet is entitled to summary judgment as a matter of law because the record is utterly devoid of any evidence that the flow area of the orifice is used, in addition to the coolant pressure, to determine the speed of the pump motor.

## III.  <u>SHOULD THIS COURT DENY COOLJET'S MOTION FOR RECONSIDERATION, THIS COURT SHOULD PROPERLY CONSTRUE THE CLAIM TERMS</u>

CoolJet believes that the claim language is clear and unambiguous. When properly construed, CoolJet is entitled to summary judgment of non-infringement as a matter of law. However, should this Court deny CoolJet's motion for reconsideration, CoolJet is entitled to know the claim construction upon which the Court bases its decision.

Plaintiffs' sole argument against CoolJet's request for claim construction seems to be that CoolJet's representations that the claim terms are "clear and unambiguous" should somehow preclude this Court from construing the claim terms. This argument is simply untenable in light of well-settled rules of patent law and claim construction. *See Markman v. Westview Instruments, Inc.* 517 U.S. 370, 372 (1996) (holding that courts, not juries, must construe

---

[1] CoolJet disagrees that the <u>range</u> of orifice sizes constitutes data related to the flow area of the orifice under a proper claim construction. When the claims are viewed in light of the teachings in the patent specification, it is clear that the flow area of the orifice of the tool in use must be ascertainable from the data programmed into the computer. The orifice size of the tool in use cannot be ascertained from the range of orifice sizes in which a constant pressure can be maintained.

[2] Transcript of Proceedings on CoolJet's Motion for Partial Summary Judgment of Non-Infringement held before the Honorable Sean J. McLaughlin on June 30, 2005, attached as Exhibit A to CooleJet's Motion for Reconsideration or, in the Alternative, Clarification of the Court's June 29, 2005 Order.

disputed claim terms). *Accord, Virginia Panel Corp. v. MAC Panel Co.*, 133 F.3d 860, 865 (Fed. Cir. 1997), *cert. denied*, 525 U.S. 815 (1998) (holding that district court erred in failing to interpret disputed claim language). As a matter of law, it is the role of this Court to construe the claim language. Upon a proper construction of the claim language, the issue of infringement and validity will narrow substantially, if not completely eliminated.

**IV.     CONCLUSION**

For the reasons set forth above, CoolJet respectfully requests that the Court grant this motion and find as a matter of law that the accused products do not infringe the asserted patent, either literally or under the doctrine of equivalents. In the alternative, CoolJet requests that this Court clarify its June 30, 2005 Order by providing claim construction for the following claim language: "[A] computer determines the speed of the pump motor based on coolant pressure and the flow area of the orifice means of the tool."

Dated:  August 24, 2005                    By:  /s/ Leland P. Schermer

                                           Leland P. Schermer, Esq.
                                           Pa. I.D. No. 47283
                                           LELAND SCHERMER & ASSOCIATES,
                                           P.C.
                                           11 Stanwix Street, 7th Floor
                                           Pittsburgh, PA  15222
                                           (412) 642-5000
                                           (412) 642-5010 (Fax)
                                           lschermer@schermerlaw.com
                                           Craig A. Gelfound, Esq.
                                           McDermott Will & Emery LLP
                                           2049 Century Park East, 34th Floor
                                           Los Angeles, CA  90067-3208
                                           310 277-4110
                                           310 277-4730 (Fax)


                                           Attorneys for Defendant/Counterclaimant
                                           MIKE KENNEY TOOL, INC.,
                                           D/B/A COOLJET SYSTEMS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused a true and correct copy of the foregoing  REPLY TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, CLARIFICATION OF THE COURT'S JUNE 29, ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT to be served this 24th day of August, 2005, via United States First Class Mail, postage prepaid, on counsel of record for Plaintiffs/ Counterdefendants as follows:

Stanley D. Ference, III, Esquire
Ference & Associates
400 Bro Street
Pittsburgh, PA  15143
(Via U.S. Mail)

Frederic G. Antoun, Esquire
14 North Main Street
Suite 406
Chambersburg, PA  17201
(Via U.S. Mail)



_____/s/Leland P. Schermer_____
Leland P. Schermer

LAS99 1416277-1.064823.0020